UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HASSANNA GRIER,

    Plaintiff,

v.                                              Case No:   8:16-cv-780-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.[1]

## OPINION AND ORDER

Plaintiff, Hassana Grier, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 18) setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

On December 12, 2012, Plaintiff filed an application for a period of disability and DIB, and an application for SSI. (Tr. 100-105, 106-109). In both applications Plaintiff alleged an onset of disability commencing December 4, 2012. (Tr. 100, 106). Plaintiff's applications were denied initially and upon review. (Tr. 42-44, 45-50, 52-56, 57-61). Plaintiff requested an administrative hearing and on January 6, 2015, a hearing was held before Administrative Law Judge Glen H. Watkins (the "ALJ"). (Tr. 403-428). On March 5, 2015, the ALJ entered a decision finding that Plaintiff had not been under a disability from December 4, 2012, the alleged onset date, through the date of the ALJ's decision. (Tr. 17-30). Plaintiff timely requested review of the ALJ's decision and on February 3, 2016, the Appeals Council denied Plaintiff's request. (Tr. 5-7). Plaintiff commenced the instant action by Complaint (Doc. 1) on March 31, 2016.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 4, 2012, her alleged onset date. (Tr. 19). At step two,

the ALJ found that Plaintiff had the following severe impairments: bipolar disorder and depression, left knee crepitus, and obesity. (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that they can lift up 20 pounds occasionally and lift/carry up to 10 pounds frequently, stand or walk approximately 6 hours and sit approximately 6 hours per 8-hour workday with normal breaks with occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Moreover, she was limited to unskilled work at the specific vocational preparation (SVP) 1 or 2 defined simple, routine, repetitive tasks with only occasional interaction with the public and supervisor and only occasional changes in the work setting.

(Tr. 21). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a receptionist. (Tr. 29).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). In reaching this decision, the ALJ relied on the testimony of a vocational expert who stated that an individual with Plaintiff's RFC could perform the jobs of "sorter", "bagger", and "hand filler." (Tr. 30). The ALJ concluded that Plaintiff was not under a disability from December 4, 2012, the alleged onset date, through March 5, 2015, the date of the ALJ's decision. (Tr. 30).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to fully and adequately consider all of Plaintiff's impairments in determining Plaintiff's RFC. (Doc. 18 p. 15-

22).  Plaintiff argues that the ALJ erred by failing to find limitations based on Plaintiff's medications' side effects of drowsiness or tiredness. (Doc. 18 p. 16). Plaintiff argues that given her "uncontradicted complaints of sleepiness and tiredness, and the corroboration that the Plaintiff's prescribed medications have the common side effects asserted by the Plaintiff, and given the vocational testimony that being off-task as little as ten percent of the time would preclude employment, the decision should be reversed and remanded with directions to find favorably and process for payment." (Doc. 18 p. 22).

In response, Defendant argues that contrary to Plaintiff's arguments, the ALJ properly considered Plaintiff's subjective complaints of pain and other symptoms, including alleged medication side effects. (Doc. 18 p. 25).

Here, the Court finds that the ALJ did not err by failing to fully and adequately consider Plaintiff's impairments caused by her alleged side effects. In his decision, the ALJ specifically addressed Plaintiff's complaints about the adverse side effects of her medication, a fact Plaintiff acknowledges in the Joint Memorandum. Plaintiff's argument nicely summarizes the ALJ's references to Plaintiff's alleged side effects as follows:

> In this case, the decision notes numerous times that the Plaintiff has complained about the adverse side effects of her medication. "...she noted that she often falls asleep due to her medications..." (T. 20); "...the claimant reported her medications make her drowsy and she fell asleep often." (T. 22); "...the claimant testified that she goes to NPI and gets medications and gets lots of side effects such as sleeping a lot and suicidal." (T. 22); "She described side effects from Seroquel which reportedly made her sleep most of the day." (T. 23) At MHC (Mental Health Care) "...the claimant reported that she was looking for work but also alleged being sleepy." (T. 24); Dr. Afield reported that with Abilify "...she did not feel as sleepy." (T. 24). Mental consultative examiner Dr. Pasman noted that the Plaintiff appeared heavily sedated, and that her level of alertness appeared to be diminished, as well as other deficits. (T. 25) Dr. Afield reported that she said that Latuda "made me sleepy, I took it during the day but "I liked it." Further, the Plaintiff's mood is reported as "anxious, restricted, depressed, but appetite good, sleep excessive..."

> Another progress note, stated that the Plaintiff was stable on Latuda, but
> still getting tired soon after she took it. (T. 26) The Plaintiff testified that
> she slept most of the day due to side effects. (T. 28)

(Doc. 18 p. 16). In his decision, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonable be accepted as consistent with the medical evidence and other evidence…" (Tr. 21). Thus, contrary to Plaintiff's arguments, the ALJ's decision shows that he properly considered Plaintiff's subjective complaints of pain and other symptoms, including the alleged medication side effects.

As noted above, "[s]ubstantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). Here, the ALJ acknowledged and considered Plaintiff's alleged side effects, but ultimately determined that they did not limit Plaintiff's RFC any greater than found by the ALJ at step four. The ALJ thoroughly explained his reasoning across over seven pages of single-spaced analysis with citations to the record, including to Plaintiff's alleged side effects. The ALJ's decision was supported by substantial evidence and the Court will not disturb the Commissioner's findings on review.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties